FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 16 2011

JAMES N. HATTEN, Clerk
By: [signature] Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LORRAINE MCNEAL, ) <br> ) <br> Appellant, ) <br> ) <br> ) CIVIL ACTION FILE <br> v. ) <br> ) No. 1:10-cv-1612-TCB <br> GMAC MORTGAGE, LLC ) <br> and HOMECOMINGS ) <br> FINANCIAL, LLC, ) <br> ) <br> Appellees. ) <br> _____) <br> ) <br> In re LORRAINE MCNEAL, ) <br> ) <br> Debtor. ) | |

## ORDER

This matter is before the Court on Lorraine McNeal's appeal from the bankruptcy court's April 9, 2010 order denying her motion to determine secured status of claim.[1] For the reasons that follow, the bankruptcy court's decision will be affirmed.

---

[1] Appellees filed a motion [13] for leave to file a brief in opposition to McNeal's appeal. McNeal does not oppose this motion and the Court will therefore grant it as unopposed.

I.  **Facts**

A.  **Procedural History**

On July 13, 2009, McNeal filed for bankruptcy under chapter 7 of the Bankruptcy Code. In her bankruptcy schedules, she represented that her home, located at 4486 Northwind Drive, Ellenwood, Georgia, had a fair market value of $141,416. In addition, McNeal indicated that her home was subject to two mortgage liens: a first-priority mortgage in the amount of $176,413 held by HSBC, and a second-priority mortgage in the amount of $44,444 held by Appellees GMAC Mortgage, LLC[2] and Homecomings Financial, LLC.

On August 11, 2009, McNeal filed a motion to strip Appellees' wholly unsecured lien (because the value of McNeal's house was less than the amount she owed HSBC, which held a superior lien on the house) pursuant to 11 U.S.C. § 506(a) and (d). The bankruptcy court denied McNeal's motion, concluding that as a matter of law "§ 506(a) and (d) do not permit a debtor to strip off a wholly unsecured lien in a chapter 7 case." McNeal appeals, arguing that 11 U.S.C. § 506(a) and (d) do permit a chapter 7 debtor to strip off a wholly unsecured lien.

---

[2] The docket currently lists Appellee as GMAC Mortgage Company. However, the proper name for Appellee is GMAC Mortgage, LLC. Accordingly, this order will direct the clerk to correct the caption accordingly.

## B. <u>Bankruptcy Court Decision</u>

The bankruptcy court relied upon the Supreme Court's analysis of the relationship between § 506(a) and (d) in *Dewsnup v. Timm*, 502 U.S. 410 (1992). There, because the creditor's claim was both "secured by a lien" and "fully allowed pursuant to § 502," the Supreme Court concluded that the claim was an "allowed secured claim" protected from a § 506(d) strip-down. The Supreme Court reasoned that allowing a strip-down would freeze the creditor's secured interest at the time of valuation, which would cause the creditor to lose the benefit of any increase in value at the time of a foreclosure sale. The Supreme Court also noted that allowing the strip-down would undermine the consensual bargain struck between the mortgagor and mortgagee. The Supreme Court believed that Congress did not likely intend to depart from the historical principle that a lien on property passes through bankruptcy unaffected.

The bankruptcy court, finding no substantive distinction between "strip-down" and "strip-off" in chapter 7, applied the Supreme Court's reasoning in *Dewsnup* to prevent a chapter 7 debtor from attempting to "strip off" a wholly unsecured lien. The bankruptcy court concluded that

"based on the holding and reasoning in *Dewsnup*, § 506(d) does not permit the strip off [of] a wholly unsecured lien in a chapter 7 case."

## II. Discussion

### A. Standard of Review

In its appellate capacity, a district court may "affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. The bankruptcy court's conclusions of law are subject to de novo review. *In re Calvert*, 907 F.2d 1069, 1071 (11th Cir. 1990).

### B. Issue on Appeal

This appeal presents one issue: whether a chapter 7 debtor may use § 506(d) to strip off a junior lien on her residence when the senior lien exceeds the fair market value of the real property.

### C. Analysis

*Dewsnup* addressed the question of whether a chapter 7 debtor can strip down a consensual lien against real property. McNeal argues that *Dewsnup* controls only the "strip-down" of an undersecured lien, and not the "strip-off" of a wholly unsecured lien. The Court rejects this argument.

The Court finds, as the bankruptcy court did, that the reasoning in *Dewsnup* applies equally to wholly unsecured liens.

Indeed, when faced with this issue, courts have almost universally adopted the reasoning in *Dewsnup* and concluded that a chapter 7 debtor may not use § 506(d) to strip off an allowed, wholly unsecured consensual lien. *See, e.g., Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 782 (4th Cir. 2001); *Talbert v. City Mortgage Servs. (In re Talbert)*, 344 F.3d 555, 562 (6th Cir. 2003); *Laskin v. First Nat'l Bank (In re Laskin)*, 222 B.R. 872, 875 (B.A.P. 9th Cir. 1998). This Court is only aware of two chapter 7 cases that have reached a different result: *In re Lavelle*, No. 09-72389-478, 2009 WL 4043089, at *6 (Bankr. E.D.N.Y. Nov. 25, 2009) (permitting the strip-off of a consensual lien), and *Howard v. Nat'l Westminster Bank (In re Howard)*, 184 B.R. 644, 647 (Bankr. E.D.N.Y. 1995) (permitting the strip-off of a non-consensual lien). However, both of these decisions were issued by the same bankruptcy judge, and the Court is not persuaded by their reasoning. Indeed, after a careful review of the relevant case law, it is apparent that those decisions are outliers on this issue.

Accordingly, the Court agrees with the bankruptcy court that a chapter 7 debtor may not strip off an allowed unsecured consensual lien

pursuant to 11 U.S.C. § 506(a) and (d). The decision of the bankruptcy court is affirmed in all respects.

### III. **Conclusion**

For the foregoing reasons, the Court GRANTS Appellees' motion [13] for leave to file brief in opposition and AFFIRMS the decision of the bankruptcy court.

The CLERK is DIRECTED to close this case and change the caption to reflect the proper name of the Appellee to GMAC Mortgage LLC.

IT IS SO ORDERED this 15th day of March, 2011.

_____
Timothy C. Batten, Sr.
United States District Judge